IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| RONALD M. HARGIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No.  1:17-CV-00172-AGF |
| | ) |
| JASON LEWIS, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Missouri state prisoner Ronald M. Hargis for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner was convicted of first-degree burglary, first-degree robbery, three counts of armed criminal action, and two counts of first-degree assault as an accomplice in a home invasion by multiple perpetrators.  In his federal habeas petition, Petitioner asserts that there was insufficient evidence to prove beyond a reasonable doubt that he knowingly participated in the crime.  For the reasons set forth below, the petition must be denied as untimely.

### BACKGROUND

A jury trial was held in the Circuit Court of St. Louis County on December 9 through 11, 2014.  After guilty verdicts on all counts, Petitioner was sentenced to eight years for burglary consecutive to concurrent sentences of twelve years on the remaining counts, for a total sentence of twenty years.  Petitioner challenged his convictions on direct appeal, arguing that there was insufficient evidence from which the jury could find

1

him guilty beyond a reasonable doubt.

On August 16, 2016, the Missouri Court of Appeals issued its opinion affirming the judgment, reasoning that there was substantial evidence presented at trial showing Petitioner's guilt of the crimes charged under a theory of accomplice liability.  ECF No. 10, Ex. 5.  Petitioner did not file a motion for rehearing or transfer to the Missouri Supreme Court.  ECF No. 10, Ex. 10.  The appellate court's mandate issued September 7, 2016.[1]

Petitioner filed a pro-se motion for post-conviction relief in the state court on December 12, 2016, i.e., 96 days after the mandate.  ECF No. 10, Ex. 6.  Petitioner subsequently obtained appointed counsel and filed an amended motion on May 17, 2017.  ECF No. 10, Ex. 7.  The state responded with a motion to dismiss Petitioner's claim as untimely.  ECF No. 10, Ex. 8.  The trial court granted that motion and dismissed Petitioner's motion with prejudice because his pro se motion was filed past the 90-day deadline,[2] and neither his pro se motion nor his amended motion claimed that the delay was attributable to third party interference.  ECF No. 10, Ex. 9.

Petitioner filed his federal pro se petition for writ of habeas corpus in this Court on September 13, 2017, by placing it in the prison mail system.  ECF No. 1 at 16.  As his sole ground for federal habeas relief, Petitioner again asserts that there was insufficient

---

[1] Respondent's brief and Petitioner's reply state that the appellate mandate issued on September 8, 2016.  The docket sheet appearing on Missouri CaseNet, as well as the mandate itself, confirm that it issued September 7.  ECF No. 10, Ex. 10.  The state court's order dismissing Petitioner's post-conviction motion as untimely correctly states that the mandate issued September 7.  ECF No. 10, Ex. 9.

[2] Mo. Sup. Ct. R. 29.15(b).

2

evidence to prove beyond a reasonable doubt that he knowingly participated in the crimes for which he was convicted.

Respondent asserts that the petition is untimely as it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Respondent contends the limitations period began to run on August 31, 2016, fifteen days after Petitioner's conviction was affirmed by the Missouri Court of Appeals, and thus ended one year later, on August 31, 2017. Further, on the merits, Respondent argues that the Missouri Court of Appeals already considered and rejected Petitioner's theory of insufficient evidence, and the decision is entitled to deference and should not be disturbed.

## **DISCUSSION**

The Court agrees that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). In this case, the one-year statute of limitations began to run on the date Petitioner's judgment became final, meaning the date on which the time for seeking review in the Missouri Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Because Petitioner did not seek rehearing or transfer to the Missouri Supreme Court, his limitations period began to run 15 days after the Missouri Court of Appeals affirmed his conviction on direct appeal, thus August 31, 2016. *See Camacho v. Hobbs*, 774 F.3d 931, 935 (8th Cir. 2015) (stating that when a petitioner foregoes state appeals, the court must look to state-court filing deadlines to determine the expiration of the time for seeking

3

direct review); Mo. S.Ct. Rule 83.02 ("Application by a party for such transfer shall be filed within fifteen days of the date on which the opinion, memorandum decision, written order, or order of dismissal is filed.").

In his reply (ECF No. 11), Petitioner concedes that his motion for post-conviction relief in state court was untimely but argues that his habeas claim is still timely because the one-year statute of limitations did not begin to run until December 8, 2016, i.e., 90 days after the appellate court's mandate and also the deadline for filing a writ of certiorari in the United States Supreme Court. This is not correct. As the Supreme Court explained in *Gonzalez*, for petitioners who do not seek certiorari, the judgment becomes final at the expiration of the time for seeking review in the state's highest court. *Gonzalez*, 565 U.S. at 150.

Petitioner had 15 days after the date of the opinion to file an application for rehearing or transfer to the Supreme Court of Missouri, thus August 31, 2016. He did not do so. Petitioner had 90 days after the mandate, or until December 6, 2016, to file his motion for post-conviction relief in state court. Petitioner did not file his motion until December 12, 2016, so it was untimely and could not be entertained. Petitioner's invalid post-conviction motion is therefore disregarded for purposes of finality and does not operate to suspend the statute of limitations for habeas relief. *See McMullan v. Roper*, 599 F.3d 849, 853 (8th Cir. 2010) (observing that a post-conviction motion tolls the statute of limitations for habeas relief only when the motion was "properly filed," meaning in compliance with applicable rules). As such, the judgment became final on August 31, 2016, and the one-year statute of limitations for federal habeas relief expired

4

on August 31, 2017.  As Petitioner did not file his petition until September 25, 2017, it is untimely.

## **CONCLUSION**

The Court concludes that Petitioner's petition must be denied as untimely under 28 U.S.C. § 2244(d)(1).  The Court does not believe that reasonable jurists might find the Court's assessment debatable for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2).  *See Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (standard for issuing a Certificate of Appealability) (citing *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Ronald M. Hargis for a writ of habeas corpus relief is **DENIED**.  A separate judgment will be entered herewith.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

_____
AUDREY G.  FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 20th day of August 2020.